IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TRUSTEES OF THE PLUMBERS AND )
PIPEFITTERS NATIONAL )
PENSION FUND, *et al.*, )
)
        Plaintiffs, )
) Civil Action No. 1:09cv0931 (CMH/JFA)
v. )
)
GRISWOLD REFRIGERATION, INC., )
)
        Defendant. )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 15). Plaintiffs are the Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund") and they seek a default judgment against the defendant Griswold Refrigeration, Inc., trading as Tru-Temp Refrigeration, Inc., Tru-Temp Refrigeration and Tru-Temperature Refrigeration ("Griswold"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On August 18, 2009, the plaintiffs filed this action alleging that Griswold breached its Collective Bargaining Agreement with the United Association Local Union No. 219 and seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs and for injunctive relief. (Docket no. 1). A summons was issued on August 21, 2009, and the summons and complaint were served on Glenn Griswold, the CEO for Griswold, on September

14, 2009. (Docket no. 4). In accordance with the version of Fed. R. Civ. P. 12(a) in effect at the time the complaint was served, Griswold's responsive pleading was due on October 5, 2009; 20 days after being served with the summons and complaint. Griswold failed to file a responsive pleading in a timely manner. On November 17, 2009 plaintiffs filed an amended complaint reflecting the receipt additional reports from Griswold and seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs and for injunctive relief. (Docket no. 6). A summons for the amended complaint was issued on November 20, 2009, and the summons and amended complaint were served on Glenn Griswold, the CEO for Griswold, on February 11, 2010. (Docket no. 8). In accordance with the version of Fed. R. Civ. P. 12(a) in effect at the time the amended complaint was served, Griswold's responsive pleading was due on March 4, 2010; 21 days after being served with the summons and amended complaint. Griswold failed to file a responsive pleading in a timely manner. On July 22, 2010, the plaintiffs filed their request for entry of default. (Docket no. 14). The Clerk entered default against Griswold pursuant to Fed. R. Civ. P. 55(a) on July 23, 2010. (Docket no. 17).

On July 23, 2010, the plaintiffs filed a motion for default judgment, setting a hearing for July 30, 2010 at 10:00 a.m. (Docket nos. 15, 16). The motion for default judgment was supported with an affidavit from William T. Sweeney, Jr. and a declaration by John R. Harney. (Docket no. 15). The motion for default judgment and supporting papers were served on Griswold by mail on July 23, 2010. (Docket no. 15). On July 30, 2010 counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of Griswold.

**Factual Background**

The following facts are established by the amended complaint (Docket no. 5), the motion for default judgment and the affidavit and declaration attached as exhibits to the motion for default judgment (Docket no. 15). The Trustees of the Plumbers and Pipefitters National Pension Fund are trustees of a multi-employer employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶ 1)(citations are to the amended complaint filed on November 17, 2009 (Docket no. 5)). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the United Association Local Union No. 219 and defendant Griswold. (Compl. ¶ 1). The National Pension Fund is administered in Alexandria, Virginia. (Compl. ¶ 1). Griswold is an Ohio corporation with offices located in Ohio. (Compl. ¶ 2). At all times herein, Griswold was an "employer in an industry affecting commerce" as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); 29 U.S.C. §§ 142(1), (3) and 152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 2).

Plaintiffs bring this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Griswold is a member of the National Service and Maintenance Agreement and a signatory to the Collective Bargaining Agreement with United Association Local Union No. 219 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by Griswold. (Compl. ¶ 4). Pursuant to the Collective Bargaining Agreement, Griswold agreed to pay the National Pension Fund certain sums of money for each hour worked by employees of Griswold covered by the Collective Bargaining Agreement. (Compl. ¶ 5). Plaintiffs claim that Griswold employed certain employees covered under the

3

Collective Bargaining Agreement and failed to make proper contributions to the National Pension Fund for work performed at Griswold's request. (Compl. ¶¶ 6, 7).

The National Pension Fund asserts that Griswold failed to pay the amounts owed for contributions for the months of December 2008 through September 2009. (Compl. ¶ 7). In the amended complaint the National Pension Fund alleges that Griswold failed to make contributions in the amount of $4,239.37 for the months of March 2009 through July 2009, and September 2009 pursuant to reports submitted by Griswold. (Compl. ¶ 8). The National Pension Fund also alleges that Griswold failed to submit reports indicating the amounts owed for December 2008 through February 2009 and August 2009. (Compl. ¶ 9). Griswold is bound to the Restated Agreement and Declaration of Trust that provides in Article VI, Section 6 that when an employer fails to file the properly completed report forms, the National Pension Fund is authorized to project the delinquent amount by calculating the average of the monthly payments made by the employer for the last three (3) months and the average of the monthly payments made by the employer for the last twelve (12) months and use the greater of the two calculated monthly averages. (Compl. ¶¶ 11, 12). Pursuant to this formula, the National Pension Fund alleges that the projected delinquency for the months of December 2008 through February 2009 and August 2009 was $3,265.84. (Compl. ¶ 13). In the amended complaint, the total amount National Pension Fund claims Griswold owes for contributions for the months of December 2008 through September 2009 is $6,912.69. (Compl. ¶ 14).

The National Pension Fund also alleges that Griswold is bound to the Restated Agreement and Declaration of Trust that provides in Article VI, Section 5 that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be considered delinquent and may be assessed liquidated damages in the amount of 10% of the

4

amount due if payment is not received by the due date. (Compl. ¶ 15). Furthermore, pursuant to the Restated Trust Agreement, interest is assessed at a rate of 12% per annum from the date the payment was due through the date of payment to the National Pension Fund. (Docket no. 15; Ex. A ¶ 13).

In the motion for default judgment the plaintiffs assert that pursuant to 29 U.S.C. § 1132(g)(2) they are entitled to a judgment awarding: (1) the full amount of unpaid contributions for the period from December 2008 through September 2009; (2) liquidated damages; (3) interest; and (4) reasonable attorney's fees and costs incurred in this action.[1] Since the amended complaint was filed Griswold submitted a report for the month of August 2009. Accordingly, the amounts sought in the motion for default judgment for the month of August 2009 are calculated based on the report that was submitted and not the calculated average of the last three payments. For that reason the amount sought in the amended complaint differs slightly from the amount sought in the motion for default judgment. Plaintiffs state that they are owed the amounts as detailed below.

| *Plaintiff* | *Delinquent Contributions* | *Liquidated Damages* | *Interest through 7/23/2010* |
|---|---|---|---|
| National Pension Fund | $6,937.61 | $693.76 | $870.46 |

| *Attorney's Fees* | *Costs* |
|---|---|
| $1,070.00 | $616.29 |

---

[1] In Count II, plaintiffs seek an order enjoining the violations of the terms of the employee benefit plans and requiring Griswold to submit timely contributions and remittance reports to each plaintiff. Plaintiffs have not pursued their request for injunctive relief in the motion for default judgment.

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

Plaintiffs allege that this Court has subject matter jurisdiction under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185(a). ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. ERISA Section 515 states that employers bound by collective bargaining agreements or multi-employer plans shall make contributions in accordance with the terms of the plans or agreements. LMRA Section 301 provides jurisdiction in the U.S. district courts for suits for violation of contracts between an employer and a labor organization. This case is properly before the court pursuant to 29 U.S.C. § 1132(e).

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The plaintiff states that it is administered in Alexandria, Virginia. (Compl. ¶ 1). On February 11, 2010, the summons and amended complaint were served on Glenn Griswold, the CEO of Griswold. (Docket no. 8). The CEO of Griswold was served at Griswold's place of business in North Jackson, Ohio. (Docket nos. 5, 8). Venue is proper in this court and this court has personal jurisdiction over Griswold since the National Pension Fund is administered within the Alexandria Division of the Eastern District of Virginia and the defendant was served properly. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over Griswold and that venue is proper in this court.

### Grounds for Entry of Default

The amended complaint was served in person on the CEO of defendant Griswold on February 11, 2010. (Docket no. 8). Pursuant to Fed. R. Civ. P. 12(a), a responsive pleading was due on March 4, 2010. After Griswold failed to file an answer or responsive pleading in a timely manner, the plaintiffs requested an entry of default on July 22, 2010. (Docket no. 14). The Clerk of the Court entered a default on July 23, 2010. (Docket no. 17).

The undersigned magistrate judge recommends a finding that Griswold was served properly, that it failed to file a responsive pleading in a timely manner and that the Clerk properly entered a default as to Griswold.

## Liability and Measure of Damages

According to Rule 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because Griswold did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the amended complaint, Griswold failed to make contributions for the months of December 2008 through September 2009 to the National Pension Fund. ERISA Section 515 provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of its claim for damages, plaintiffs submitted an affidavit of William T. Sweeney, Jr. with the motion for default judgment. (Docket no. 15; Ex. A). In addition to the affidavit from Mr. Sweeney, the plaintiffs submitted a declaration from John R. Harney

detailing the attorney's fees and costs incurred in this action. (Docket no. 15; Ex. B). The declaration from Mr. Harney has some inconsistencies in that the declaration states under oath that his firm expended 8.25 hours in this case on behalf of the plaintiffs totaling $1070.00 and $616.29 in costs for the filing fee, service fee and computer research. (Docket no. 15; Ex. B). However, the appendix to this declaration indicates that 12.5 hours may have been expended. Given that the declaration was under oath and states clearly that only 8.25 hours were expended and requests an award of $1070.00 for that time, the court will use those amounts in considering the motion for default judgment.

The information contained in the affidavit of William T. Sweeney, Jr. establishes that the National Pension Fund is owed contributions in the amount of $6,937.61 for the months of December 2008 through September 2009; liquidated damages in the amount of $693.76 (calculated at 10% of the contributions found to be due); and interest at the rate of 12% from the date the payments were due through July 23, 2010 totaling $870.46.[2] In addition, the declaration of John R. Harney details the attorney's fees and costs incurred on behalf of the National Pension Fund in this matter. The total amount of the attorney's fees requested is $1,070.00 for 8.25 hours of attorney and paralegal time and the amount of costs is $616.29 for the filing fee, process server fee and computerized research. The undersigned magistrate judge has reviewed the declaration of John R. Harney and recommends that the court find that the amounts requested for attorney's and costs by the National Pension Fund are reasonable and should be paid by the defendant Griswold.

---

[2] The Sweeney affidavit calculates the amount of interest from the date the payments were due through July 23, 2010.

For these reasons the undersigned magistrate judge recommends that a default judgment be entered in favor of the Trustees of the National Pension Fund against Griswold on Count I in the complaint in the amounts shown below, with interest accruing at the rate of 12% from July 23, 2010 until paid.

| | |
|---|---|
| Delinquent Contributions | $6,937.61 |
| Liquidated Damages | $693.76 |
| Accrued Interest (7/23/2010) | $870.46 |
| Attorney's Fees | $1,070.00 |
| Costs | $616.29 |
| ***Total*** | **$10.188.12** |

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to the defendant Griswold Refrigeration, Inc. at its address for service of process, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

The Clerk is hereby directed to mail a copy of this pleading to Griswold Refrigeration, Inc., 12111 Commissioner Drive, North Jackson, Ohio 44451.

ENTERED this 9th day of August, 2010.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

11